FISHER v LOWE

Docket No. 60732. Submitted November 3, 1982, at Detroit.—Decided January 10, 1983. Leave to appeal applied for.

William L. Fisher brought an action for damages caused to his tree when it was struck by an automobile operated by Karen Lowe, owned by Larry Moffet and insured by State Farm Mutual Automobile Insurance Company. The Oakland Circuit Court, John N. O'Brien, J., granted summary judgment in favor of defendants Lowe and Moffet, and denied plaintiff's request for a default judgment against State Farm. Plaintiff appeals. *Held:*

1. Summary judgment was proper. The defendants were immune from tort liability for the damage pursuant to the automobile no-fault insurance act.

2. State Farm was never properly served with process; therefore, the trial court did not obtain jurisdiction over the insurer.

Affirmed.

TORTS — AUTOMOBILES — PROPERTY DAMAGE.

No tort liability arises for damage to a tree caused by an automobile insured under the no-fault insurance act (MCL 500.3135; MSA 24.13135).

*William L. Fisher, in propria persona.*

*Romain, Donofrio & Kuck, P.C.* (by *Ernst W. Kuck*), for defendants.

Before: BRONSON, P.J., and V. J. BRENNAN and J. H. GILLIS, JJ.

J. H. GILLIS, J.

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance § 366.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

We thought that we would never see
A suit to compensate a tree.

A suit whose claim in tort is prest
Upon a mangled tree's behest;

A tree whose battered trunk was prest
Against a Chevy's crumpled crest;

A tree that faces each new day
With bark and limb in disarray;

A tree that may forever bear
A lasting need for tender care.

Flora lovers though we three,
We must uphold the court's decree.

Affirmed.[1]

---

[1] Plaintiff commenced this action in tort against defendants Lowe and Moffet for damage to his "beautiful oak tree" caused when defendant Lowe struck it while operating defendant Moffet's automobile. The trial court granted summary judgment in favor of defendants pursuant to GCR 1963, 117.2(1). In addition, the trial court denied plaintiff's request to enter a default judgment against the insurer of the automobile, defendant State Farm Mutual Automobile Insurance Company. Plaintiff appeals as of right.

The trial court did not err in granting summary judgment in favor of defendants Lowe and Moffet. Defendants were immune from tort liability for damage to the tree pursuant to § 3135 of the no-fault insurance act. MCL 500.3135; MSA 24.13135.

The trial court did not err in refusing to enter a default judgment against State Farm. Since it is undisputed that plaintiff did not serve process upon State Farm in accordance with the court rules, the court did not obtain personal jurisdiction over the insurer. GCR 1963, 105.4.