FISHER v DETROIT FREE PRESS, INC

Docket No. 88154. Submitted November 5, 1986, at Detroit. Decided March 3, 1987. Leave to appeal applied for.

William L. Fisher, an attorney acting in propria persona, brought a defamation action in the Wayne Circuit Court against the Detroit Free Press, Inc. The action was based upon a report by the defendant of an appeal from a suit to recover damages for injury to a tree brought by the plaintiff. The trial court, Joseph B. Sullivan, J., granted defendant's motion for summary disposition. The trial court thereafter refused to levy sanctions under MCR 2.114 against the plaintiff for frivolous litigation but did conditionally grant defendant's motion to assess actual costs for plaintiff's rejection of a mediation evaluation pursuant to MCR 2.403(O), in the event that the Court of Appeals affirms the lower court's decision. Plaintiff appeals from the order granting defendant summary disposition. Defendant cross-appeals from the trial court's refusal to levy sanctions against the plaintiff for frivolous litigation under MCR 2.114.

The Court of Appeals *held:*

1. The trial court correctly determined that, as a matter of law, there was nothing defamatory in nature in defendant's newspaper article.

2. The assessment of costs under MCR 2.403(O) was proper.

3. Sanctions for taking a vexatious appeal are appropriate under MCR 7.216(C)(1)(a).

Summary disposition in defendant's favor is affirmed, and the case is remanded to the trial court for a determination of mediation sanction costs under MCR 2.403(O) and appellate costs under MCR 7.216(C)(2).

REFERENCES

Am Jur 2d, Libel and Slander §§ 14, 333-342, 442, 463-470, 484.

First amendment as immunizing newsman from liability for tortious conduct while gathering news. 28 ALR Fed 904.

Proof of injury to reputation as prerequisite to recovery of damages in defamation action. 36 ALR4th 807.

Pleading or raising defense of privilege in defamation action. 51 ALR2d 552.

1. Words and Phrases — Libel.

Libel is a statement of and concerning the plaintiff which is false in some material respect and is communicated to a third person by written or printed words and has a tendency to harm the plaintiff's reputation; libel may consist of a statement of fact or a statement in the form of an opinion, but a statement of opinion is actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion; the meaning of a statement is that meaning which, under the circumstances, a reasonable person who sees the statement reasonably understands to be the meaning intended.

2. Libel and Slander — Burden of Proof.

It is the plaintiff's burden in a libel action to prove the elements of the libel.

3. Libel and Slander — Questions of Law.

The question whether or not the meaning of a particular communication is defamatory is one for the court.

4. Libel and Slander — Truth.

A defendant is not liable for defamation where the gist, the sting, of the article complained of is substantially true.

5. Constitutional Law — Libel and Slander.

An opinion is constitutionally protected, in First Amendment defamation cases involving a media defendant, whether made by the newspaper itself or the speaker quoted (US Const, Am I).

6. Trial — Costs — Mediation — Rejection of Evaluation — Court Rules.

A party may be required to pay those costs taxable in any civil action and a reasonable attorney fee as determined by the trial judge for services necessitated by the rejection of a mediation evaluation (MCR 2.403[O]).

7. Appeal — Vexatious Appeals — Sanctions — Court Rules.

Sanctions for taking a vexatious appeal are appropriate where the appeal was taken for purposes of hindrance or delay or without any reasonable basis for belief that there was a meritorious issue to be determined on appeal (MCR 7.216[C][1][a]).

*William L. Fisher,* in propria persona.

*Honigman, Miller, Schwartz & Cohn* (by *Herschel P. Fink*), for defendant.

Before: HOOD, P.J., and T. M. BURNS and J. X. THEILER,* JJ.

HOOD, P.J. Plaintiff, William L. Fisher, an attorney acting in propria persona, appeals as of right from a circuit court bench opinion and order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(8) and (10) on plaintiff's suit for defamation. Plaintiff's complaint was filed on January 9, 1984, and alleged in relevant part:

> 4. On or about January 12, 1983, defendant falsely and maliciously published of plaintiff in a prominent place in said newspaper for said persons to read a matter addressed to the eye which was calculated to bring plaintiff into contempt, ridicule or obliquy [sic] or to cause him to be shunned or avoided.
>
> 5. Defendant published said matter in its report of a court decision concerning a suit to recover damages for injury to a tree and therein made it appear that said decision used reasoning while the plaintiff, Fisher, did not and that Fisher sought "loss of companionship of the sick tree" meaning that Fisher keeps, for companion, a tree, so deficient is he.
>
> 6. Plaintiff has been damaged in person, property and reputation and has suffered injury to his feelings including indignation, shame, mental anxiety, insulted honor, and wounds to his pride and manly feelings consequent upon defendant's wrong.

The prior court decision referred to is an opinion written in rhyme by Judge J. H. GILLIS of this Court, *Fisher v Lowe,* 122 Mich App 418; 333 NW2d 67 (1983), lv den 417 Mich 1100.18 (1983), and sometimes referred to as the "trees" opinion.

Although plaintiff does not clearly allege in his

---

* Circuit judge, sitting on the Court of Appeals by assignment.

complaint that a false statement of fact was made in the newspaper article, he compares the defendant's article with one concerning the same subject matter which appeared in the Kalamazoo Gazette which plaintiff found unobjectionable. Defendant's article set forth the text of the opinion and included additional remarks made by Judge GILLIS to defendant's reporter. Comparing the defendant's article with the Kalamazoo Gazette article and considering plaintiff's complaint and appellate briefs, it is clear that the statement in defendant's article that plaintiff considered defamatory is the following:

> The car's insurer offered to pay the tree surgeon's bill—$550—but Fisher sought $15,000 for the equivalent of "loss of companionship of the sick tree," GILLIS said.

The trial court, in granting summary disposition, held that: "there is nothing in the story, quoting Judge GILLIS off the record, which is slanderous in any way or nature." In response to defendant's motion for sanctions for frivolous litigation under MCR 2.114 (D) and (E) the judge ruled:

> [P]ossibly they should be levied here, and to my mind this case appears entirely frivolous. It is not, certainly in the mind of Mr. Fisher, so I am going to rule against you on sanctions.

However, subsequently, the trial court did conditionally grant defendant's motion to assess actual costs for plaintiff's rejection of a mediation evaluation pursuant to MCR 2.403(O) if this Court ultimately affirms the circuit court. Plaintiff now contends that the circuit court erred in granting summary disposition to the defendant. Defendant

has cross-appealed from the trial court's refusal to levy sanctions against the plaintiff under MCR 2.114.

Libel may be defined as a statement of and concerning the plaintiff which is false in some material respect and is communicated to a third person by written or printed words and has a tendency to harm the plaintiff's reputation. A libel may consist of a statement of fact or a statement in the form of an opinion, but a statement of opinion is actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion. The meaning of a statement is that meaning which, under the circumstances, a reasonable person who sees the statement reasonably understands to be the meaning intended. It is, of course, plaintiff's burden to prove the elements of an alleged libel. See generally SJI2d 118.01, 118.03, 118.04, 118.05; see also Prosser & Keeton, Torts (5th ed), §§ 111-113A; 3 Restatement Torts, 2d, §§ 558-568.

The question whether or not the meaning of a particular communication is defamatory is one for the court. *Rouch v Enquirer & News,* 137 Mich App 39, 43, n 2; 357 NW2d 794 (1984); Prosser & Keeton, Torts, *supra* at 774. The trial court in this case is correct that, as a matter of law, there was nothing defamatory in nature in defendant's newspaper article. While plaintiff seems to attempt to allege falsity in defendant's newspaper report in two aspects, he quite simply fails to sufficiently plead a material falsehood in his complaint. First, plaintiff argues that he did not sue in the underlying action for $15,000 as Judge GILLIS allegedly told defendant's reporter, but rather for "whatever legal damages in excess of $10,000 the court deems just." Second, plaintiff contends that the article falsifies in implying by the "loss of companionship

of the sick tree" remark that plaintiff keeps, for a companion, a tree.

As to the amount of damages pled, assuming for purposes of challenging defendant's summary disposition motion that plaintiff did not specifically seek $15,000, but merely alleged the required jurisdictional amount, the trial court was nonetheless correct. In *Rouch v Enquirer & News, supra,* p 43, n 2, this Court, citing *McCracken v Evening News Ass'n,* 3 Mich App 32; 141 NW2d 694 (1966), stated that "[i]f the gist, the sting, of the article is substantially true, the defendant is not liable." In *McCracken,* this Court held that a newspaper report that plaintiff was charged with a $100,000 fraud when the warrant specified a fraud amounting to approximately $50,000 is an inaccuracy that does not alter the complexion of the charge and would have no different effect on the reader than that which the literal truth would produce absent proof that such variance caused plaintiff damage. This rule should apply equally to the instant situation, particularly in view of the fact that in any event the amount of damages sought by plaintiff in his complaint was greater than $10,000.

As to defendant's quote from Judge GILLIS that plaintiff's suit was for the equivalent of "loss of companionship of the sick tree," the trial court was correct in holding that the remark was not reasonably capable of defamatory meaning. Instead, the analogy represented the appellate judge's effort to characterize and explain plaintiff's novel legal theory to the public. Further, the statement was no more than the opinion of Judge GILLIS. In First Amendment defamation cases involving a media defendant, an opinion is constitutionally protected whether made by newspaper itself or the speaker quoted.

For example, in *Orr v Argus-Press Co,* 586 F2d

1108 (CA 6, 1978), cert den 440 US 960; 99 S Ct 1502; 59 L Ed 2d 773 (1979), the federal court applying both Michigan common law and federal constitutional law, held that characterizations of a legal theory are constitutionally protected opinions when based upon disclosed facts of the case. Citing *Gertz v Robert Welch, Inc,* 418 US 323, 339-340; 94 S Ct 2997, 3007; 41 L Ed 2d 789, 805 (1974), the *Orr* court held that a newspaper's "opinion" about the meaning of an indictment cannot be made the basis of a libel suit against the newspaper:

> Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas. [*Orr, supra* at 1114.]

In the instant case, we do not doubt that plaintiff honestly believes that his reputation was harmed by defendant's article. Nonetheless, plaintiff's honest belief that he has been defamed is not determinative. The article complained of may not reasonably be understood to be defamatory. Because the statements concerning the plaintiff contain no material falsehood, the trial court was correct in concluding as a matter of law that there was nothing of a defamatory nature in defendant's newspaper article.[1]

Plaintiff's "honest belief" in his pleadings is at

---

[1] To the extent that plaintiff's appellate brief seeks to allege a cause of action based on what he calls "invasion of privacy, unwarantable [sic] intrusion, false light publicity, public disclosure of private facts or wrongful appropriation of plaintiff's name," it suffices to note that plaintiff was also acting in propria persona in *Fisher v Lowe, supra.* This Court has previously held that a trial attorney is a public figure for purposes of comment on his conduct at trial. *Hayes v Booth Newspapers, Inc,* 97 Mich App 758; 295 NW2d 858 (1980). The manner in which plaintiff pleaded the case and conducted himself in a public judicial proceeding invited the media attention and comment about which he now complains.

the crux of the second issue, defendant's cross-appeal from the trial court's refusal to impose sanctions under MCR 2.114. Plaintiff's complaint was filed on January 9, 1984, well prior to the March 1, 1985, effective date of MCR 2.114. Defendant did not file a notice of its intention to seek sanctions under the new court rule until June 17, 1985.[2] Prior to the defendant's filing of its July 22, 1985, summary disposition motion, on July 16, 1985, the case was submitted to mediation and was unanimously evaluated by the panel as a zero-award case in favor of defendant, which defendant accepted and plaintiff rejected. Although the trial court, in granting summary disposition, declined to sanction plaintiff under MCR 2.114(D) and (E), the court subsequently, on December 13, 1985, granted defendant's motion to assess actual costs against plaintiff for plaintiff's rejection of mediation pursuant to MCR 2.403(O).

While plaintiff attempts to challenge the lower court's mediation sanctions in his appellate brief, his claim of appeal in this case was filed on October 18, 1985, from the summary disposition order and could not have included an appeal from this December 13, 1985, order. No appeal was ever taken from the December 13, 1985, order. Thus, based upon the unchallenged application of mediation sanctions by the lower court and our affirmance of the trial court's grant of summary disposition, plaintiff, pursuant to MCR 2.403(O)(3), is required to pay "those costs taxable in any civil action and a reasonable attorney fee as determined by the trial judge for services necessitated by the rejection of the mediation evaluation."

Because the lower court will be assessing costs under MCR 2.403(O), we decline to consider

---

[2] This statement should not be interpreted to mean that the court rules require the filing of such a notice.

whether the assessment of costs under MCR 2.114 would be appropriate. While the court rules do not specifically indicate how we are to treat a request for double recovery of sanctions, we decline to permit a party double compensation for the same expenses. See Martin, Dean & Webster, Michigan Court Rules Practice, Rule 2.313, Author's Comment, p 371. We further note that the instant suit was commenced under the old court rules. Because the sanctions provisions in MCR 2.114 are derived in substantial measure from the 1983 amendment to FR Civ P 11, they provide much tougher sanctions for abuses of the pleading process than the former GCR 1963 114 and 111.6. The fact that this suit was brought more than a year before the March 1, 1985, effective date of the new rules and that most of the expenses incurred by defendant in defending it presumably occurred prior to that effective date also persuades us that, as to the lower court proceedings, application of MCR 2.114 sanctions to the instant cause of action "would not be feasible or would work injustice." MCR 1.102.

That leaves only defendant's demand for actual and punitive damages for vexatious proceedings under MCR 7.216(C). MCR 7.216(C)(1)(a) provides:

> The Court of Appeals may, on its own initiative or the motion of any party, assess actual and punitive damages, or take other disciplinary action when it determines that an appeal or any of the proceedings in an appeal was vexatious because
> (a) the appeal was taken for purposes of hindrance or delay or without any reasonable basis for belief that there was a meritorious issue to be determined on appeal;

While we decline for the reasons previously stated to consider defendant's arguments for costs in the trial court under MCR 2.114, we nonetheless find

those same arguments relevant to its demand for appellate costs.

Defendant asserts that when the trial court has found a suit to be frivolous, as it did in the instant case ("to my mind this case appears entirely frivolous"), the trial court is required to impose sanctions. Defendant contends that under the "reasonable inquiry" language in MCR 2.114 it is clear that plaintiff utterly failed to investigate the merits of his suit prior to filing and pursuing it. Defendant submits that the trial court erred in considering plaintiff's personal feelings or "honest belief" regarding the merits of his case since it is clear that the complained-of statements are not capable of a defamatory meaning. Because the "reasonable basis for belief that there was a meritorious issue to be determined on appeal" language of MCR 7.216 (c)(1)(a) is similar to the language of MCR 2.114, we find that sanctions for taking a vexatious appeal are appropriate.

United States District Court Judge Joiner, analyzing the "reasonable inquiry" language of FR Civ P 11 in *Mohammed v Union Carbide Corp,* 606 F Supp 252, 261 (ED Mich, 1985), in the context of a frivolous claim of defamation, held that defendant should recover reasonable attorney fees and opined:

> Unlike the subjective good faith of an attorney, "reasonable inquiry" is an empirically verifiable fact or event, inasmuch as the court can examine the efforts undertaken by the attorney to investigate her claim prior to filing suit.

In this case, a licensed attorney, acting in propria persona, filed a lawsuit considered by the trial court to be entirely frivolous without making a reasonable inquiry into its legal merit. Then, in

the face of a mediation evaluation of zero and the trial court's summary disposition order, he persisted in taking an appeal to this Court even though he could have had no "reasonable basis to believe that there was a meritorious issue to be determined on appeal." Plaintiff's personal feelings and "honest belief" regarding the merit of his case are not enough—as an attorney licensed to practice in this state he should know better. Accordingly, summary disposition in defendant's favor is affirmed and the case is remanded to the trial court for a determination of mediation sanction costs under MCR 2.403(O) and for a determination of appellate costs under MCR 7.216(C)(2).