*Rehearings Denied February 23, 1987:*

ROUCH V ENQUIRER & NEWS OF BATTLE CREEK, No. 75044. Reported at 427 Mich 157.

LARSON V JOHNS-MANVILLE SALES CORPORATION, REVARD V JOHNS-MANVILLE SALES CORPORATION, BRIMMER V JOHNS-MANVILLE SALES CORPORATION, and GLAZIER V FIBREBOARD CORPORATION, Nos. 75933-75936. Reported at 427 Mich 301.

*Requests for Advisory Opinion March 4, 1987:*

REQUESTS FOR ADVISORY OPINION ON CONSTITUTIONALITY OF 1986 PA 281, No. 80210. On order of the Court, the requests by the Senate and the Governor for an advisory opinion on the constitutionality of 1986 PA 281 are considered.

The questions submitted are:

(1) Does the capture of revenues by a local development finance authority (formerly "tax increment financing authority") and use of such revenues by the authority for purposes authorized by the act unconstitutionally divert tax revenues from taxing entities in violation of Const 1963, art 9, § 6?

(2) Does the capture of revenues by a local development finance authority (formerly "tax increment financing authority") and use of such revenues by the authority for purposes authorized in the act unconstitutionally lend the credit of the state or a municipality in violation of Const 1963, art 9, § 18, or art 7, § 26?

The Attorney General is requested to, within 60 days, brief both sides of the questions, one brief to argue that the act is constitutional and the other brief to argue that the act is unconstitutional.

The Corporation, Finance and Business Law Section of the State Bar, the Public Corporation Law Section of the State Bar, the Michigan Townships Association, the Michigan Association of Counties, the Michigan Association of School Administrators, and the parties to *Livingston Co v City of Howell* (Livingston Circuit Court Docket No. 86-8230-CZ) are invited to file briefs amicus curiae on either or both sides of the submitted questions.

Other interested parties may move the Court for permission to file briefs on either or both sides of the submitted questions.

Briefs may also be submitted on the question whether the Court should grant the requests for an advisory opinion.

The clerk is directed to schedule oral argument of this matter in the June 1987 session. After oral argument, the Court will decide whether to grant the requests for an advisory opinion and, if it does, may decide the case without further briefing or argument.