SHANNON v TAYLOR AMC/JEEP, INC

Docket No. 92594. Submitted December 14, 1987, at Detroit. Decided May 16, 1988.

Thomas A. Shannon, Jr., was discharged from his employment as parts manager for Taylor AMC/Jeep, Inc., after being suspected of dealing in stolen auto parts. Shannon brought an action in Wayne Circuit Court against Taylor AMC/Jeep, Inc., and American Motors Sales Corporation, claiming, inter alia, slander per se with regard to statements made by a Taylor employee to several customers indicating that plaintiff had been discharged for his involvement with stolen parts. Following a trial, the court, Charles S. Farmer, J., consistent with the jury's verdict, entered a judgment of no cause of action. Plaintiff appealed from the judgment in favor of defendant Taylor, claiming the trial court erred in instructing the jury that defendants had a qualified privilege to defame plaintiff and that plaintiff therefore needed to show actual malice. Plaintiff also claimed error in the award of attorney fees to defendants pursuant to the mediation court rule.

The Court of Appeals *held:*

1. In general, a qualified privilege extends to all communications made bona fide upon any subject matter in which the party communicating has an interest, or in reference to which he has a duty, to a person having a corresponding interest or duty. In this case, the trial court erred in determining that a qualified privilege applied since, absent proof that stolen parts were actually sold to customers, defendant Taylor did not have a duty to inform its customers that plaintiff had been fired for his involvement with stolen parts and the customers to whom the statements were made did not have an interest in knowing why plaintiff's employment was terminated.

2. Because plaintiff is entitled to a new trial on his slander claim, an award of attorney fees to defendant Taylor is premature since plaintiff may improve his position relative to the

REFERENCES

Am Jur 2d, Libel and Slander §§ 8 *et seq.,* 451, 452.

State constitutional protection of allegedly defamatory statements regarding private individual. 33 ALR4th 212.

mediation offer. The trial court's award of attorney fees to defendant Taylor is reversed. However, the award of attorney fees to defendant AMC incurred up to the date of dismissal, is affirmed since plaintiff's appeal was limited to defendant Taylor.

Reversed and remanded.

1. LIBEL AND SLANDER — DEFAMATORY STATEMENTS.

A communication is defamatory if it tends to lower an individual's reputation in the community or to deter third persons from associating or dealing with him; slander per se is found where the words spoken are false and malicious and are injurious to a person in his profession or employment.

2. LIBEL AND SLANDER — QUALIFIED PRIVILEGE — QUESTION OF LAW.

The initial determination of whether a privilege exists is one of law for the court; generally, a qualified privilege extends to all communications made upon any subject matter in which the party communicating has an interest, or in reference to which he has a duty, to a person having a corresponding interest or duty.

*Kenneth A. Webb,* for plaintiff.

*Long, Preston, Kinnard & Avant* (by *Joseph F. Page, III*), and *Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Robert G. Kamenec*), of Counsel, for Taylor AMC/Jeep, Inc.

*Butzel, Long, Gust, Klein & Van Zile* (by *Donald B. Miller*), for American Motors Sales Corporation.

Before: D. F. WALSH, P.J., and G. R. MCDONALD and P. NICOLICH,* JJ.

G. R. MCDONALD, J. Plaintiff appeals as of right from an April 29, 1986, judgment of no cause of action in favor of defendant Taylor AMC/Jeep, Inc., on count v of plaintiff's complaint entitled "Slander Per Se," and an April 25 and 29, 1986, judgment for attorney fees and costs in favor of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendants American Motors Sales Corporation (AMC) and Taylor.

Plaintiff worked for Taylor for approximately twelve years, the last eight years as parts manager. Plaintiff's employment was terminated in June, 1982, for his alleged involvement with stolen parts.

During his employment as parts manager, one of the employees under plaintiff's supervision was Laurie Cherup. Around the beginning of 1982, plaintiff had to discipline Cherup and eventually fire her. Rick Howard, the AMC branch manager responsible for Taylor AMC, reinstated Cherup and told plaintiff to leave her alone. Howard and Cherup were involved in a physical relationship in late 1981 or early 1982. Following plaintiff's termination, Cherup became the new parts manager. Cherup was overheard on several occasions telling customers over the phone that plaintiff was no longer parts manager because plaintiff had "gotten caught stealing," and that plaintiff was fired "for being involved in theft of parts."

Plaintiff testified that he was not involved with stolen parts for profit or personal gain, but was working with Taylor Police Officer James Black in an attempt to set up persons attempting to sell stolen parts to Taylor. On June 15, 1982, plaintiff was contacted on the phone and asked if he wanted to buy a Jeep hardtop. The phone call made plaintiff suspicious that the hardtop was stolen, so plaintiff called Black, a personal friend, for advice. Black advised plaintiff that the police would need "hard evidence" such as names and driver's license numbers of the suspects. Plaintiff purchased two hardtops which he suspected to be stolen, and placed them in the back of the parts department. When another Taylor employee indicated that a customer was interested in purchas-

ing one of the hardtops, plaintiff responded that they were not for sale as he had reason to believe the hardtops were stolen. Plaintiff was fired the same day Black was allegedly going to write up a report on the stolen goods.

On December 28, 1982, plaintiff filed a complaint against both defendants AMC and Taylor alleging in part claims for wrongful discharge, sex discrimination, breach of contract and slander. All counts were dismissed as to defendant AMC on March 25, 1986.

On April 29, 1986, a jury verdict of no cause of action in favor of defendant Taylor on plaintiff's slander and sex discrimination claims was received by the court. The jury also returned a verdict in favor of plaintiff against defendant Taylor on plaintiff's wrongful discharge claim in the amount of $9,610 inclusive of costs and interest. On appeal, plaintiff does not seek review of the verdict of no cause of action entered on the sex discrimination claim and the dismissal on all counts as to defendant AMC. The entirety of the appeal questions the propriety of the verdict of no cause of action on the slander claim and the reasonableness and necessity of the attorney fees awarded by the trial court.

Plaintiff first requests a new trial on the slander claim. Plaintiff argues that the trial court erred in instructing the jury on qualified privilege and actual malice. We agree.

A communication is defamatory if it tends to lower an individual's reputation in the community or deter third persons from associating or dealing with him. *Swenson-Davis v Martel,* 135 Mich App 632; 354 NW2d 288 (1984). Slander per se is found where the words spoken are false and malicious and are injurious to a person in his or her profession or employment. *Swenson-Davis, supra.*

Here, the trial court found that Cherup's statements about plaintiff to defendant's customers were protected from action by a qualified privilege. The initial determination of whether a privilege exists is one of law for the court. *Lawrence v Fox,* 357 Mich 134; 97 NW2d 719 (1959). In general, a qualified privilege extends to "all communications made bona fide upon any subject matter in which the party communicating has an interest, or in reference to which he has a duty, to a person having a corresponding interest or duty . . . ." *Swenson-Davis, supra,* p 636.

Thus, in order to have a qualified privilege, the communication must be: (1) bona fide; (2) made by a party who has an interest, or a duty to communicate the subject matter; and (3) made to a party who has a corresponding interest or duty.

Although in the instant case neither party addresses the first prerequisite, the "bona fide" nature of the communication, we question whether Cherup's statements were bona fide. Not only had plaintiff previously fired Cherup, but there was testimony indicating that another employee overheard a conversation between Cherup, Howard and two others regarding possible ways in which to "get rid of" plaintiff, and wherein Howard allegedly suggested that they "link" plaintiff with some stolen parts.

Nonetheless, even if the statements were bona fide, we find that they do not meet the remaining two requirements. The problem with determining if a qualified privilege applies is that privilege varies with the situation; it is not a constant. *Harrison v Arrow Metal Production Corp,* 20 Mich App 590; 174 NW2d 875 (1969). Defendant Taylor contends that the particular facts of this situation call for the application of qualified privilege, argu-

ing that it had a duty to inform customers that the parts manager (plaintiff) had been fired for purchasing stolen parts. Taylor asserts that if the customers were not presently told and found out years later that stolen parts were purchased from Taylor, they would cease to do business with the dealership. In Taylor's opinion, the potential detrimental effect on customer relations justifies the application of qualified privilege to the statements. We disagree.

For defendant's argument to have merit, and before defendant could acquire an interest in telling customers why plaintiff was fired, a determination should have been made as to whether stolen goods were actually sold to customers. Taylor knew that plaintiff had possession of the Jeep hardtops. There was no reason to believe that any stolen goods ended up in customers' hands. Therefore, there was no qualified privilege to tell customers that plaintiff was fired because he dealt with stolen parts. Thus, absent evidence that stolen parts had been passed along to customers, plaintiff's good name should have been protected by not allowing an employee to tell customers why plaintiff was fired. When dealing with a duty/interest privilege, the Michigan Supreme Court has said "the occasion determines the question of privilege." *Bacon v The Michigan C R Co,* 66 Mich 166; 33 NW 181 (1887). The instant occasion did not give the employer a qualified privilege to defame plaintiff.

Furthermore, we find no corresponding interest or duty to hear the communication on the part of the customers. In *Merritt v Detroit Memorial Hospital,* 81 Mich App 279; 265 NW2d 124 (1978), this Court stated that an employer has a qualified privilege to tell those of its employees responsible for hiring and firing of accusations of employee misconduct. However, an employer cannot tell all

employees why someone was fired in order to quiet rumors or restore morale. *Sias v General Motors Corp*, 372 Mich 542; 127 NW2d 357 (1964). In the instant case Taylor does not allege or offer proof that any customer received stolen goods purchased from plaintiff. If Taylor had a good faith belief that stolen auto parts had been sold to a particular customer, the customer may have had an interest, but that is not the situation in the instant case. Here, the customer's interest is like the employees' interest in *Sias:* just a general interest or curiosity in finding out why a former employee was fired.

The trial court erred in instructing the jury that a qualified privilege existed. Absent the existence of a qualified privilege, plaintiff would not have been required to prove actual malice. We cannot say that the instructional error was harmless beyond a reasonable doubt and therefore reverse for a new trial.

We reject plaintiff's claim that the attorney fees awarded to defendants Taylor and AMC were unreasonable. However, because plaintiff is entitled to a new trial on the slander claim against defendant Taylor, the award of attorney fees in favor of Taylor, whether incurred by AMC's attorney on behalf of Taylor or by Taylor's counsel, must be reversed. The fees were awarded pursuant to the mediation court rule, MCR 2.405, for plaintiff's failure to sufficiently improve his position. Since it is possible that plaintiff may in fact sufficiently improve his position on retrial, any award of attorney fees as to defendant Taylor is premature. However, the award of fees on behalf of defendant AMC, incurred up to the date of dismissal, is affirmed, plaintiff not having appealed the dismissal order as to AMC.

Reversed and remanded.