STABLEIN v SCHUSTER

Docket No. 112815. Submitted November 15, 1989, at Detroit. Decided February 8, 1990.

Jon N. Schuster, Superintendent of Schools for the East China Township School District, sent a letter to Robert Beattie, President of the East China Township School District Board of Education, turning down a contract extension made by the board. The letter contained allegedly libelous statements concerning the leadership of the East China Education Association, which included plaintiffs, Gladys Stablein, Anthony Cavis, Albert Saunders, Jane Krebs, Patricia Plizga, Helen Wheeler, and Patricia Welch. Beattie read the letter at a regularly scheduled board of education meeting and defendant Voice Communications Corporation published excerpts from the letter in its local newspaper. The paper refused to print a retraction requested by plaintiffs and plaintiffs brought a defamation action in the St. Clair Circuit Court against Schuster, Beattie, Voice Communications Corporation, and others. The trial court, James T. Corden, J., entered an order granting Voice Communications Corporation summary disposition based on the statutory privilege to publish public and official proceedings. Plaintiffs appealed and Voice Communications Corporation cross appealed from the trial court's denial of its request for attorney fees and costs.

The Court of Appeals held:

1. Voice Communications Corporation, having accurately reported the contents of the letter read at the school board meeting, is statutorily immune from liability.

2. The school board meeting was a public and official proceeding.

3. The trial court properly found that Voice Communications Corporation was not entitled to attorney fees and costs. Since it

REFERENCES

Am Jur 2d, Libel and Slander §§ 196, 200, 254, 333-336, 484; Pleading § 26; Summary Judgment § 4.

Libel and slander: Privileged nature of statements or utterances by member of school board in course of official proceedings. 85 ALR3d 1137.

cannot be said that plaintiffs' claim did not represent a good-faith argument for the extension or modification of existing law and because the claim was not intended to harass or needlessly increase the cost of litigation, sanctions, pursuant to MCR 7.216(C), were not imposed by the Court of Appeals.

Affirmed.

1. LIBEL AND SLANDER — DAMAGES — PRIVILEGE.

No damages shall be awarded in any libel action brought against a reporter, editor, publisher, or proprietor of a newspaper for the publication in it of a fair and true report of any public and official proceeding (MCL 600.2911[3]; MSA 27A.2911[3]).

2. MOTIONS AND ORDERS — SUMMARY DISPOSITION — IMMUNITY GRANTED BY LAW.

Summary disposition is proper when a claim is barred because of immunity granted by law (MCR 2.116[C][7]).

3. LIBEL AND SLANDER — PRIVILEGE — QUESTION OF LAW.

The initial determination whether a privilege exists is one of law for the court.

4. LIBEL AND SLANDER — PRIVILEGE — PUBLIC AND OFFICIAL PROCEEDINGS.

The statutory privilege to report public and official proceedings encompasses any public and official proceeding, including a regularly scheduled meeting of a board of education (MCL 15.261 et seq., 380.1 et seq., 600.2911[3]; MSA 4.1800[11] et seq., 15.4001 et seq., 27A.2911[3]).

5. PLEADING — FRIVOLOUS CLAIMS — APPEAL.

A trial court's finding that a plaintiff's claim was not frivolous will not be reversed on appeal where such finding is not clearly erroneous.

*Levin, Levin, Garvett & Dill* (by *Erwin B. Ellmann* and *Nancy L. Kahn*), for plaintiffs.

*Jane Briggs-Bunting,* for Voice Communications Corporation.

Before: SULLIVAN, P.J., and DOCTOROFF and REILLY, JJ.

PER CURIAM. In this defamation action, plaintiffs, members of the East China Education Associ-

ation, appeal as of right the September 19, 1988, order of the St. Clair Circuit Court granting summary disposition to defendants Adams Publishing Corporation and Voice Communications Corporation pursuant to MCR 2.116(C)(7) on the grounds of the statutory immunity of the official proceedings statute, MCL 600.2911(3); MSA 27A.2911(3). Final judgment was entered as to defendants on September 19, 1988. Defendant Adams Publishing Corporation was subsequently dismissed by stipulation. Defendant Voice Communications Corporation, hereinafter defendant, cross appeals the trial court's denial of attorney fees and costs. We affirm.

On March 9, 1988, Jon N. Schuster, Superintendent of Schools for the East China Township School District, sent a letter to Robert Beattie, President of the East China Township School District Board of Education. In this letter, Mr. Schuster turned down a contract extension made by the board of education and made allegedly libelous statements concerning the leadership of the East China Education Association, which included plaintiffs. On March 14, 1988, Beattie read the letter at the regularly scheduled board of education meeting. On March 23, 1988, defendant published excerpts from the letter. Defendant subsequently refused to print a requested retraction. On July 11, 1988, plaintiffs brought suit, alleging that they had been libeled by Schuster's accusations of dishonesty, character assassination, intimidation and anarchism.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10). Defendant also requested costs pursuant to MCR 2.114(E). In support of its motion, defendant submitted a copy of Schuster's letter, minutes of the board meeting, the allegedly libelous article, and affidavits of co-owner Tom Stanton and reporter Connie Jurmo.

Stanton had assigned reporter Jurmo to cover the East China Township school board meeting. Jurmo wrote the article which was subsequently published and which quoted portions of Schuster's letter.

Plaintiffs claim that the trial court erred in granting summary disposition because there were fact questions which should have gone to a jury. We disagree.

MCR 2.116(C)(7) provides that summary disposition is proper when a claim is barred because of immunity granted by law. The standard under which this Court reviews summary disposition motions pursuant to MCR 2.116(C)(7) is that this Court accepts all of the plaintiff's well-pled factual allegations as true and construes them most favorably to the plaintiff. *Stroud v Ward,* 169 Mich App 1, 4; 425 NW2d 490 (1988), lv den 432 Mich 852 (1989).

Libel may be defined as a statement of and concerning the plaintiff which is false in some material respect and is communicated to a third person by written or printed words and has a tendency to harm the plaintiff's reputation. *Fisher v Detroit Free Press, Inc,* 158 Mich App 409, 413; 404 NW2d 765 (1987), lv den 428 Mich 914 (1987). The initial determination of whether a privilege exists is one of law for the court. *Shannon v Taylor AMC/Jeep, Inc,* 168 Mich App 415, 419; 425 NW2d 165 (1988).

When summary disposition was granted in this case, MCL 600.2911(3); MSA 27A.2911(3) stated in pertinent part:

No damages shall be awarded in any libel action brought against a reporter, editor, publisher, or proprietor of a newspaper for the publication in it of a fair and true report of any public and official proceeding, or for any heading of the report which

is a fair and true headnote of the article pub-
lished. This privilege shall not apply to a libel
which is contained in any matter added by any
person concerned in the publication or contained
in the report of anything said or done at the time
and place of the public and official proceeding
which was not a part of the public and official
proceeding.

In *Rouch v Enquirer & News of Battle Creek,*
427 Mich 157, 167; 398 NW2d 245 (1986), reh den
428 Mich 1207 (1987), the Court quoted this
Court's opinion in *McCracken v Evening News
Ass'n,* 3 Mich App 32, 38-39; 141 NW2d 694 (1966),
as follows:

The statute protects newspaper publishers if the
article is a fair and true report of the public and
official proceeding. The fact that the reporter
herein relied on the word of another as to the
nature of the complaint and warrant is immate-
rial. The statute does not command the reporter to
obtain his information from the official court re-
cords. At his risk, and at the risk of his publisher,
he may rely upon the word of another as to the
contents of the complaint and warrant, and that it
will be so issued if it has not already been. If the
information thus obtained and published does not
substantially represent the matter contained in
the court records, then the question arises as to
whether or not the publisher has abused his privi-
lege. The abuse of the privilege is a question of
fact for the trier of fact to determine.

In *McCracken,* p 39, this Court distinguished
*Lawrence v Fox,* 357 Mich 134; 97 NW2d 719
(1959), as "a case not involving the specific statu-
tory privilege herein afforded publishers over the
report of public and official proceedings, but deal-
ing with the common-law privilege afforded pub-
lishers in other instances of alleged libel."

This case, like *McCracken* and unlike *Lawrence,* involves the specific statutory privilege afforded to publishers over the report of public and official proceedings. In this case, we agree with the circuit court that, having accurately reported the contents of a letter which was read at the school board meeting, defendant is statutorily immune from liability. The immunity is a qualified one, but defendant has met the qualifications that the report must be fair and true. Plaintiffs do not dispute that the letter was read at the meeting and that defendant accurately excerpted it in the newspaper. The circuit court correctly determined that the application of the privilege was a question of law and correctly determined that defendant was immune.

Plaintiffs' claim that the school board meeting is not a public and official proceeding has no merit. See Michigan's Open Meetings Act, MCL 15.261 *et seq.*; MSA 4.1800(11) *et seq.*; and the School Code, MCL 380.1 *et seq.*; MSA 15.4001 *et seq.* Contrary to plaintiffs' argument, the Supreme Court in *Rouch* did not restrict the "public and official proceedings" privilege to judicial proceedings. In *Rouch,* p 166, the Court specifically acknowledged that the "statute . . . is not limited to judicial proceedings, but refers to 'any public and official proceeding.'"

Plaintiffs' claim of conspiracy, because it is raised for the first time on appeal, is not properly before this Court. *Providence Hospital v National Labor Union Health & Welfare Fund,* 162 Mich App 191, 194; 412 NW2d 690 (1987). In any case, the statute makes it clear that defendant's motivation is irrelevant if a fair and true report is made of the proceeding. Further, logic dictates that the claim of conspiracy to defame cannot survive where there is no underlying defamation. See

*Temborius v Slatkin,* 157 Mich App 587, 599-600; 403 NW2d 821 (1986).

Defendant claims that the trial court erred when it tacitly denied defendant's motion for costs and attorney fees and that defendant is entitled to costs and attorney fees on appeal pursuant to MCR 7.216(C). Defendant appears to argue that plaintiffs' legal position was devoid of merit and, therefore, frivolous pursuant to MCL 600.2591(3)(a)(iii); MSA 27A.2591(3)(a)(iii). We disagree.

A trial court's finding that a plaintiff's claim is not frivolous is governed by the clearly erroneous standard. *DeWald v Isola,* 180 Mich App 129, 134; 446 NW2d 620 (1989). In this case, while plaintiffs' arguments fail, given the Supreme Court's opinion in *Rouch,* we hesitate to conclude that plaintiffs' claim does not represent a good-faith argument for the extension or modification of existing law. MCR 2.114(D)(2). Nor do we find that plaintiffs' claim was intended to harass or needlessly increase the cost of litigation. MCR 2.114(D)(3). For these same reasons, we do not impose sanctions pursuant to MCR 7.216(C).

Affirmed.