*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEARBORN HILLS CIVIC ASSOCIATION, INC., and MARGOT CLEVELAND,

Plaintiffs-Appellants,

v

SCRIPPS MEDIA, INC., DAVE LEWALLEN, SIMON SHAYKHET, and OATH, INC.,

Defendants-Appellees,

and

VERIZON MEDIA, INC., and VERIZON CMP HOLDINGS, LLC,

Defendants.

UNPUBLISHED
December 1, 2022

No. 359221
Wayne Circuit Court
LC No. 21-007277-NZ

Before: MURRAY, P.J., and CAVANAGH and CAMERON, JJ.

MURRAY, P.J. (*concurring*).

I concur in all parts of the majority opinion, but write briefly to explain more directly why there is a need for discovery prior to resolving the merits of plaintiffs' case.

As recounted by the majority, if the "gist" of a news story was substantially true, a defamation claim would not survive. *Butcher v SEM Newspapers, Inc*, 190 Mich App 309, 312; 475 NW2d 380 (1991). The lead-in to the challenged news story indicated that there were *three* neighbors who viewed plaintiff civic association as engaging in discriminatory practices against them because they were Arab-American. Thus, the "gist" of the story was that three neighbors—a collective group and not just one neighbor—were complaining of illegal discrimination against the same entity. But what the broadcasted news story showed the viewer was only *one* homeowner even coming close to suggesting decisions by plaintiff civic association were because of race. So,

-1-

the broadcasted interviews did not supply a factual basis for the lead-in.[1]  Discovery must be undertaken to resolve whether Beydoun or Sleiman (or both) told the reporter that plaintiff civic association denied them permits because they are Arab-American.  If those allegations were made to the reporter, but didn't make it onto the broadcast, defamation will be difficult to prove.  But if they did not make such statements, it would be for a jury to determine whether the "gist" of the story was substantially true.  *Koniak v Heritage Newspapers, Inc*, 190 Mich App 516, 524; 476 NW2d 447 (1991).


/s/ Christopher M. Murray

---

[1] If only *one* neighbor claimed discrimination, it could reasonably be viewed as either an isolated incident of alleged discrimination or as merely a disgruntled homeowner involved in a property dispute.  If two or three actually made these allegations, it would be more consistent with the lead-in.  In other words, it was the number of homeowners, and what they were allegedly claiming, that made up the storyline.