MacGRIFF *v.* Van ANTWERP.

McGRIFF *v.* TOY.

WADE *v.* McNALLY.

1. Appeal and Error—Motion to Dismiss—Well-Pleaded Allegations Assumed to be True.

All averments properly and sufficiently made in a declaration in an action at law are assumed to be true on appeal from order granting motion to dismiss before taking of testimony.

2. Libel and Slander—Conspiracy—Pleading.

Declarations, charging a conspiracy on the part of defendant elective and appointive public officials to defame the reputation of plaintiffs, but which failed to show any act of conspiracy or the doing of any acts by appellee defendants, were properly dismissed on latter's motions.

3. Same—Publication of Libel.

A declaration in an action for libel which fails to show where the alleged libels were published or their contents failed to state a cause of action for libel.

4. Same—Privileged Official Act.

Action of prosecuting attorney in filing or joining in the filing of a petition for a one-man grand jury is an action in his official capacity and is privileged (CL 1948, §§ 767.3, 767.20, 767.22).

5. Same—Conspiracy—Officers—Pleading.

The mere assertion that certain elective and appointive public officials join in a conspiracy to defame the reputation of plain-

References for Points in Headnotes

[1] 3 Am Jur, Appeal and Error, § 930.
[2–5] 33 Am Jur, Libel and Slander, §§ 233, 236, 237.
[3] 33 Am Jur, Libel and Slander, § 238.
[4] 33 Am Jur, Libel and Slander, §§ 142, 146–149.

tiffs is not sufficient to support an action for damages as specific illegal acts on part of such defendants must be shown.

6. Costs—Consolidated Case.

Costs are assessed only in consolidated case and awarded to appellees on appeal from orders granting motions to dismiss three separate actions where all were consolidated for purpose of appeal.

Appeals from Wayne; Marschner (Adolph F.), J. Submitted January 4, 1950. (Docket Nos. 23, 24, 25, Calender Nos. 44,422, 44,423, 44,424.) Decided March 1, 1950.

Separate actions of case by Jack Edwards Mac-Griff against Eugene Van Antwerp and others, Floyd McGriff against Harry S. Toy and others, and Joe V. Wade against James N. McNally and others for damages caused by defamation of character. Cases dismissed on motion as to defendants McNally, Scott and Long. Plaintiffs appeal. Cases consolidated. Affirmed.

*Davidow & Davidow,* for plaintiffs.

*Julius C. Pliskow,* for defendants McNally, Scott and Long.

Butzel, J. Jack Edwards MacGriff, Floyd Mc-Griff and Joe V. Wade each began a separate but similar suit against the defendants. Similar facts are alleged in the declaration filed in each case. After motions duly made, an order of dismissal as to defendants James N. McNally, Edwin Scott and William Long was entered in each case. We designate them herein as appellees. By agreement of counsel and order of the court the 3 cases were consolidated for the purpose of an appeal, and they will be so considered. The sole question involved is

whether the declaration in each case states a cause of action against appellees. In each declaration it is alleged that defendant McNally was prosecuting attorney for Wayne county and defendants Scott and Long were his assistants. As no testimony was taken, we assume for purposes of this appeal that all averments properly and sufficiently made in the declaration are true.

Among other defendants named in the declarations are Eugene F. Black, attorney general of the State of Michigan, Louis M. Nims, commissioner of the Michigan sales tax department, Henry C. Schroeder, field supervisor of Michigan sales tax department, James F. Moore, executive director of the Michigan unemployment compensation commission, as well as many other officials and officers of the city of Detroit, or Wayne county, police officers, detectives, accountants, et cetera.

Plaintiff Floyd McGriff alleges in his declaration that one of the chief police officers of Detroit became angry at him because, as editor of certain newspapers circulated in the suburbs of Detroit, he had criticised the activities of the police officer in attempting to stop bingo games conducted, as was alleged, for the benefit of the Society of Good Neighbors, a Michigan nonprofit organization. McGriff further alleged that subsequent actions were also motivated by a councilman of the city of Detroit whose candidacy McGriff's newspapers had opposed. Investigations followed as to the activities of the Society of Good Neighbors. Evidently charges of misappropriation of money collected for this society, also of nonpayment of Michigan sales tax and of unemployment compensation taxes had been made. This all culminated in a petition being filed by James N. McNally as prosecuting attorney for Wayne county and Eugene F. Black, attorney general of the State of Michigan, for a one-man grand

jury to investigate the commission of crimes in the city of Detroit. The petition was filed in the recorder's court for the city of Detroit and the Hon. Gerald W. Groat, judge of recorder's court for the city of Detroit, sitting as a one-man grand jury, conducted an investigation and issued process against Morrison T. Wade and Bessie Lou Tanner Wade of the township of Redford, county of Wayne, State of Michigan, charging them with fraud and misappropriation in collecting large sums of money for the Society of Good Neighbors on the pretext that the moneys were to be used for charitable purposes but that instead they were used for the private benefit of these defendants. The warrant or process further charged that the Wades conspired with each other and with a very large number of others, including the plaintiffs in the 3 cases at bar, in order to carry out the frauds complained of. The warrant or process is attached to appellants' brief.

The declaration of Jack Edwards MacGriff differs from that of Floyd McGriff only to the extent that Jack Edwards MacGriff describes himself as acting editor of the newspapers of which his father was editor. Joe V. Wade, in his declaration, states that after his honorable discharge from the army he was identified with 2 nonprofit corporations, the names of which signify that they were formed for philanthropic purposes. He avers that he had no association with the Society of Good Neighbors except that the 2 corporations with which he was identified advanced moneys to the Society of Good Neighbors so that the latter corporation could continue its charitable work.

Motions were made to dismiss the actions as to the 3 appellees on the ground that the declarations were insufficient in substance and form, indefinite, so uncertain and incomplete as not to state causes of action against these 3 defendants, that the decla-

rations did not set forth specific allegations so as to reasonably inform the defendants of the nature of the causes that they were called upon to defend, that thus they violated Court Rule No 19, § 1 (1945). Appellees further claimed the cases were begun against them as public officials who had carried out their duties in accordance with the law, and that whatever they did was absolutely privileged under the law.

The court granted the orders of dismissal. After a very careful examination of the declarations we must conclude that the judge correctly ordered dismissals as to these 3 defendants. The declarations, in accordance with the theory of plaintiffs, charged a conspiracy on the part of the defendants to defame and injure the good name, fame and reputation of the respective plaintiffs, and they also charged that defendants severally and jointly caused the plaintiffs to be charged as coconspirators in the action in the recorder's court, notwithstanding that the charges were untrue and false and made for the purpose of injuring the good name, fame and reputation of the plaintiffs. The declarations failed to show any act of conspiracy on the part of appellees. The declarations show a succession of events in which various officials performed their duties. The declarations do not show any act or acts by the appellees except such as it was their duty to perform.

The declarations also savor of libel but it is not shown where the libels were published or their contents, nor are there the necessary allegations and averments necessary in a libel declaration against appellees herein. There is possibly an intimation in the declaration that some defendants, without specifying which ones, furnished the newspapers with a copy of the warrant and a statement of the charges a few hours before the warrant and process was issued by the grand jury. There is no direct

charge of a violation of the oath of secrecy as to what occurred before the grand jury. It would be unnatural if there was not much comment by the press in regard to a case of this public character. However, the declarations are wholly indefinite as to the so-called publication. It is difficult to understand plaintiffs' charges. We do not believe that plaintiffs contend that the petition for the calling of a one-man grand jury or the subsequent process that issued under the seal of the court is libelous. The 3 suits were begun prior to our decision in *Society of Good Neighbors* v. *Mayor of Detroit,* 324 Mich 22, wherein we held that bingo games were unlawful. Some of the facts stated in the opinion in that case show some of the claims of plaintiffs in the cases at bar.

It was the duty of the prosecuting attorney to file or join in filing the petition for the one-man grand jury. CL 1948, §§ 767.3, 767.20, 767.22 (Stat Ann §§ 28.943, 28.960, 28.962). What was done by appellees in their official capacity is privileged. *Mundy* v. *McDonald,* 216 Mich 444 (20 ALR 398); *Reycraft* v. *McDonald,* 194 Mich 500. The mere assertion that appellees joined in a conspiracy is not sufficient. Specific illegal acts on their part must be shown. *Roche* v. *Blair,* 305 Mich 608.

The declarations were properly dismissed as to 3 appellees and the order of the court in so doing is affirmed, with costs to be assessed only in the consolidated case to the appellees.

Boyles, C. J., and Reid, North, Dethmers, Carr, Bushnell, and Sharpe, JJ., concurred.