## DE GUVERA *v.* SURE FIT PRODUCTS

1. JUDGMENT — ACCELERATED JUDGMENT — CONTRACTS — NONRESIDENT PARTNERSHIP — JURISDICTION.

   Accelerated judgment based on lack of jurisdiction of defendant nonresident partnership in action to enforce employment contract to sell defendant's products in this State *held,* proper, where contract did not call for defendant either to deliver materials or furnish services within this State (CLS 1961, § 725[5]).

2. LIBEL AND SLANDER—DRAWER'S ORDER TO BANK TO STOP PAYMENT ON CHECK.

   Plaintiff payee of a check drawn by defendant partnership *held,* not to be libeled when defendant ordered its bank to stop payment after plaintiff had negotiated the check to a third party who demanded restitution.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  41 Am Jur, Pleading § 340 *et seq.*
[2]  33 Am Jur, Libel and Slander § 62.
[3]  33 Am Jur, Libel and Slander § 232 *et seq.*

3. Same—Pleading—Defamatory Words—Summary Judgment.

 Allegations by plaintiff payee of check that after he had ne-
  gotiated check issued to him by defendant he learned that
  defendant had stopped payment to the indorsee, who de-
  manded immediate restitution, and that by stopping payment
  defendant thereby impliedly disparaged his reputation for
  honesty and credit, *held*, not to set forth actionable libel;
  hence summary judgment for defendant was properly granted.

Appeal from Wayne, Farmer (Charles S.), J. Submitted Division 1 March 7, 1968, at Detroit. (Docket No. 3,811.)   Decided October 25, 1968.

Complaint by James De Guvera against Sure Fit Products, a foreign partnership, for breach of contract and for libel.   Defendant's motions for accelerated judgment and summary judgment granted. Plaintiff appeals.   Affirmed.

*Cyrowski & Pasternacki,* for plaintiff.

*Hertzberg, Jacob, and Weingarten & Kennedy* (*Dennis S. Kayes,* of counsel), for defendant.

Andrews, J.   Plaintiff appeals from the orders of the trial judge granting defendant's motions for accelerated judgment and for summary judgment.

The complaint contains two counts.   In count I, plaintiff alleged that defendant, a Pennsylvania partnership, wrongfully discharged him from his employment as its salesman in territory consisting of Chicago, Illinois, and Michigan.   He claims damages for breach of contract.   In his amended count II, plaintiff alleges that defendant drew a check payable to him for compensation, which he negotiated at a local A & P store where he customarily traded, and that three days later the manager informed him that payment of the check had been

stopped and demanded immediate restitution. He
further alleges that in stopping payment of the
check, defendant thereby published to the manager
that plaintiff was guilty of wrong-doing in nego-
tiating the check thus defaming his character and
injuring his reputation and credit standing.

## COUNT I

Defendant's motion for accclerated judgment as
to count I is filed under GCR 1963, 116.1. Defendant
contends that under CLS 1961, § 600.721(3) (Stat
Ann 1962 Rev § 27A.721[3]), and CLS 1961, §
600.725(5) (Stat Ann 1962 Rev § 27A.725[5]), sup-
ported by affidavits that defendant does not carry
on a continuous and systematic part of its general
business in Michigan, that it does not transact busi-
ness in Michigan and that it did not enter into a
contract for services to be performed or for mate-
rials to be furnished in the state by it; and there-
fore the court has no jurisdiction over defendant
for breach of contract.

By affidavit plaintiff states that he was hired by
defendant to call upon retail merchants in the terri-
tory to introduce and sell defendant's goods, service
its accounts, and represent defendant in the "pros-
ecution" of its general business in Michigan. He
claims that the courts of Michigan have general
personal jurisdiction over the defendant within the
meaning of CLS 1961, § 600.721(3) because the de-
fendant was carrying on a continuous and system-
atic part of its general business in Michigan through
plaintiff as its agent, or, in any case, he claims that
the courts of Michigan have limited personal juris-
diction over the defendant within the meaning of
CLS 1961, § 600.725(5) because the defendant con-
tracted with him for services to be performed or

for materials to be furnished in the state by defendant.

Defendant claims that plaintiff has not pleaded nor shown either that defendant was carrying on a continuous and systematic part of its general business within the state or that defendant entered into a contract for services to be performed or for materials to be furnished in Michigan by defendant, and that, on the contrary, defendant has shown by affidavits that it does not maintain an office or property in Michigan, and ships its goods from its facilities in Pennsylvania directly to its customers on orders solicited by its salesmen. Defendant claims that this activity constitutes inter-state commerce and to apply CLS 1961, § 600.721(3) to it would violate Article IV § 2 of the United States Constitution and the Fourteenth Amendment. We do not reach this question for we agree with defendant that the activity of defendant as alleged by plaintiff does not bring the action within the language of CLS 1961, § 600.721(3).

The decisive question, then, is whether plaintiff has shown that the activity of defendant is such as to bring it within the language of CLS 1961, § 600.725(5). Did defendant enter into a contract for services to be performed or for materials to be furnished in Michigan by it?

This question was answered in a substantially identical situation by this Court in *Corey v. Cook & Company* (1966), 3 Mich App 359. In that case the plaintiff was hired by the defendants, one a partnership and the other an individual, as a broker to sell an airplane and parts. He brought suit for breach of contract and in *quantum meruit* for services rendered. The Court held that to meet the "minimal contacts" requirement of due process CLS 1961, § 600.725(5) requires that the nonresident must

have entered into a contract by which "he agreed to either deliver materials or furnish services within the State".

Plaintiff seeks to distinguish *Corey* on the ground that he was Sure Fit's agent and therefore Sure Fit was present in the state vicariously. He cites no authority, and we have found none, for this proposition. We believe that *Corey* is controlling precedent and cannot be distinguished. Corey was hired by Cook to sell Cook's property. De Guvera was hired by Sure Fit to sell its products. Both Corey and De Guvera sued for breach of contract. The only difference in the cases is that Corey was hired to make a single sale while De Guvera was hired as a general salesman. In both cases the contract relied upon by the plaintiff was not a contract for services to be performed or for materials to be furnished in Michigan by the nonresident defendants.

On this appeal, De Guvera does not rely on CLS 1961, § 600.725(1) (Stat Ann 1962 Rev § 27A-.725[1]), and accordingly we intimate no opinion regarding the applicability of that provision on the facts of this case.

The trial court was correct in granting the motion for accelerated judgment.

## COUNT II

Defendant's motion for summary judgment is filed under GCR 1963, 117.2(1) upon the ground that the amended complaint does not allege what defamatory words, if any, were used by defendant. Citing *MacGriff* v. *Van Antwerp* (1950), 327 Mich 200, he claims that a libel complaint must state the alleged libelous words and their publication.

Plaintiff claims that by stopping payment of the check defendant thereby impliedly disparaged his

reputation for honesty and credit, citing *Svendsen* v. *State Bank of Duluth* (1896), 64 Minn 40 (65 NW 1086); *Cox* v. *National Loan & Exchange Bank* (1926), 138 SC 381 (136 SE 637), and *Johnston* v. *Savings Trust Company of St. Louis* (Mo, 1933), 66 SW2d 113.

In each of these cases the action of the defendant bank amounted to a dishonor of its customer's check, an entirely different factual situation than is here presented.

The uniform commercial code* authorizes the drawer of a check to order his bank to stop payment of the check, and if done as required, the bank is authorized to do so. The order is directed to the bank. The drawer is not required to notify any other person. Plaintiff does not allege or show that defendant used or published any defamatory writing concerning the plaintiff to anyone. All he states is that defendant stopped payment of the check, and this is done by order to his bank. He does not allege when defendant ordered payment stopped. He simply states that the check was issued on November 10, was negotiated by him on November 11, and he learned of the stop order from the store where he cashed it on November 14.

"A declaration in an action for libel which fails to show where the alleged libels were published or their contents failed to state a cause of action for libel." Syllabus #3, *MacGriff* v. *Van Antwerp, supra.*

"The law requires the very words of the libel to be set out in the declaration in order that the court or judge may judge whether they constitute a ground of action." Gatley, *Law and Practice of Libel and Slander* (1924 Ed) 467.

---

* CLS 1961, § 440.4403(1) (Stat Ann 1964 Rev § 19.4403[1]) states, "A customer may by order to his bank stop payment of any item payable for his account."

We hold that plaintiff's amended count II does not set forth any allegation which if proved would constitute a libel. We can find no authority for the proposition that the payee of a check who has negotiated the same is libeled simply because the drawer stops payment thereof.

The summary judgment was properly granted. Affirmed. Costs to appellee.

LESINSKI, C. J., and LEVIN, J., concurred.