PURSELL v WOLVERINE-PENTRONIX, INC

1. FRAUDS, STATUTE OF—EMPLOYMENT CONTRACT—PERFORMANCE WITHIN A YEAR.

A contract not to be performed within one year from its making must be in writing to be enforceable and this rule applies to oral contracts of employment (MCLA 566.132[1]).

2. ESTOPPEL—EQUITABLE ESTOPPEL—FRAUDS, STATUTE OF—ORAL CONTRACT.

The doctrine of equitable estoppel may be raised to defeat the defense of the Statute of Frauds where plaintiff relied on an oral contract with defendant and acted to his detriment solely in reliance on it.

3. ESTOPPEL—EQUITABLE ESTOPPEL—FRAUDS, STATUTE OF—ACCELERATED JUDGMENT.

The doctrine of equitable estoppel applies in those cases where its application is called for by the facts; therefore, granting of a motion for accelerated judgment was improper where the facts adduced at trial may show that there was sufficient reliance to estop the defendant from raising the Statute of Frauds as a defense.

4. LIBEL AND SLANDER—PLEADING—SUFFICIENCY OF COMPLAINT.

A complaint that sets out the substance of an alleged slander instead of reciting the exact words used is sufficient, because a slanderous statement cannot be retained verbatim in many instances since it is spoken.

5. PLEADING—STATEMENT OF CLAIM—CONCLUSIONS OF PLEADER.

The mere statement of the pleader's conclusions unsupported by

REFERENCES FOR POINTS IN HEADNOTES

[1] 49 Am Jur, Statute of Frauds § 4 *et seq.*
[2, 3] 49 Am Jur, Statute of Frauds §§ 586, 587.
[4] 50 Am Jur 2d, Libel and Slander §§ 401–403, 408.
What constitutes variance between pleading and proof of defamatory words. 2 ALR 367.
[5] 61 Am Jur 2d, Pleading § 61.

allegations of fact upon which they are based will not suffice to state a cause of action.

Appeal from Jackson, Gordon W. Britten, J. Submitted Division 2 November 9, 1972, at Lansing. (Docket No. 13321.) Decided January 17, 1973.

Complaint by C. L. Pursell against Wolverine-Pentronix, Inc., and Don Smith for breach of oral contract of employment and for defamation. Accelerated judgment for defendants on the breach of contract count and summary judgment for defendants on the defamation count. Plaintiff appeals. Affirmed in part and reversed in part.

*Edward L. Cobb* and *Anderson, Patch, Rosenfeld, Potter & Grover,* for plaintiff.

*Levin, Levin, Garvett & Dill* (by *Leonard J. Grabow),* for defendants.

Before: McGREGOR, P. J., and BRONSON and TARGONSKI,* JJ.

TARGONSKI, J. The plaintiff brought suit for damages for the breach of an alleged oral contract of employment caused by a premature termination of the employment and for alleged defamation connected with the termination.

The facts appearing in the plaintiff's complaint are largely uncontested. In 1966, the plaintiff was 59 years old and employed by Dow Chemical as general manager of its plant in Jackson, Michigan. This plant was acquired by the defendant from Dow Chemical on September 1, 1966. The defendant offered to keep the plaintiff on as general manager, orally promising to employ him as vice-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

president until he reached retirement at age 65. In reliance on these promises, the plaintiff severed his employment with Dow Chemical and accepted the position offered by the defendant. In June of 1970, the defendant terminated plaintiff's employment thereby breaching the oral promise. Moreover, the plaintiff alleged that sometime around the date of his termination Don Smith made false and defamatory statements impugning his character.

The defendants filed a motion for accelerated judgment[1] on the oral contract asserting the statute of frauds[2] as a defense to oral contracts not to be performed in one year from their making. The defendants also moved for summary judgment[3] on the defamation charge contending that the complaint failed to specify the nature of the slander charged. The trial court granted both motions and from this ruling, the plaintiff appeals.

The plaintiff's first contention in this Court is that the trial court erred in dismissing his claim for damages resulting from the breach of the oral contract of employment.

At the outset, it must be stated that a contract not to be performed within one year from its making must be in writing to be enforceable, MCLA 566.132(1); MSA 26.922(1), and that this rule applies to oral contracts of employment. *Adolph v Cookware Co of America,* 283 Mich 561 (1938); *Lynas v Maxwell Farms,* 279 Mich 684 (1937).

The plaintiff concedes that the oral contract is covered by the above-cited rule but argues that the defendants are estopped from raising this defense.

The doctrine of equitable estoppel, upon which

[1] GCR 1963, 116.1(5).
[2] MCLA 566.132(1); MSA 26.922(1).
[3] GCR 1963, 117.1.

the plaintiff relies, is set forth in 3 Williston, Contracts (3d ed), § 533A, p 796:

"Where one has acted to his detriment solely in reliance on an oral agreement, an estoppel may be raised to defeat the defense of the Statute of Frauds."

In the instant case, plaintiff argues that the giving up of his prior employment and the substantial retirement benefits that accompanied it constituted sufficient reliance within the meaning of the doctrine. The defendants counter this argument with the proposition that the giving up of other employment is not sufficient to invoke the doctrine of estoppel. In support of this proposition the defendant cites *Adolph v Cookware Co of America,* 283 Mich 561 (1938); *Gudenau v Farm Crest Bakeries,* 268 Mich 399 (1934), and *McLaughlin v Ford Motor Co,* 269 F2d 120 (CA 6, 1959). The holdings of these cases are adequately stated in *McLaughlin, supra,* 124, 125, in the following language:

"The exception recognized by that case and in some other jurisdictions is that the oral agreement is not affected by the Statute of Frauds if it is supported by a consideration separate and apart from its performance, such as where the plaintiff has given up something to the defendant for which it would not be compensated unless the agreement was enforced. * * * The action of the appellant in giving up his position with the General Motors Corp. was only a necessary incident in placing himself in a position so that he might perform his agreement with the Ford Motor Company. This conferred no benefit upon the Ford Motor Company and was not a separate consideration passing from the appellant to the Ford Motor Company within the meaning of the rule. *Lynas v Maxwell Farms,* 279 Mich 684, 689; 273 NW 315; *Adolph v Cookware Co of America,* 283 Mich 561, 568; 278 NW 687."

Thus, these cases did not deal with the problem of estoppel and are not controlling.

A careful review of the law in this state reveals that the only case dealing with the doctrine of estoppel as applied to a factual situation similar to the instant case is *Oxley v Ralston Purina Co,* 349 F2d 328 (CA 6, 1965). In *Oxley, supra,* the plaintiff underwent considerable expenditures to begin to operate a "hog leasing" program as a result of an oral agreement with the defendant. The Court upheld the trial judge's finding that the defendant was estopped from asserting the Statute of Frauds.

Granted, there may be a difference between the spending of a large amount of money in reliance on an oral contract and one's giving up of his employment. However, the doctrine of equitable estoppel applies in those cases where its application is called for by the facts. *Oxley, supra.*

In the instant case, the facts adduced at trial may show that in this particular case, there was sufficient reliance to estop the defendant from raising the Statute of Frauds as a defense. Therefore, the granting of the motion for accelerated judgment was improper.

The plaintiff next argues that the trial court erred in granting the motion for summary judgment with respect to the count alleging slander.

The trial court's basis for the ruling was that the complaint failed to state what false or defamatory statements were made, to whom they were made or when they were made.

The recitation in the complaint relied upon by the plaintiff to establish his defamation claim reads as follows:

"10. Sometime during or prior to June 1970 and thereafter, the exact date or dates being unknown to the Plaintiff, the Defendant Smith maliciously made

false and defamatory statements concerning the Plaintiff * * * in the presence of various third persons, particularly including other executives and members of the Board of Directors of the Defendant Corporation. Said statements impugned the Plaintiff's character and competence and were made by Defendant Smith in order to cause Defendant Corporation to sustain his unauthorized action in discharging the Plaintiff without cause and to justify his action in causing the Defendant Corporation to discharge the Plaintiff without cause."

With regard to what must be contained in a complaint alleging libel or slander, the following specifics are stated in 11 Callaghan's Michigan Pleading & Practice (2d ed), § 78.09, pp 256–257, as follows:

"The essentials of a cause of action for libel or slander must be stated in the complaint, including allegations as to the particular defamatory words complained of, the connection of the defamatory words with the plaintiff where such words are not clear or are ambiguous, and the publication of the alleged defamatory words."

Although research has failed to disclose any case dealing with the specifics of a complaint alleging slander, the Court in *De Guvera v Sure Fit Products,* 14 Mich App 201 (1968), citing with approval from *MacGriff v Van Antwerp,* 327 Mich 200 (1950), made the following comment with respect to a complaint alleging libel:

"A declaration in an action for libel which fails to show where the alleged libels were published or their contents failed to state a cause of action for libel." *De Guvera, supra,* at 206.

We believe that the above-cited rule can adequately govern complaints in cases alleging slander as well as libel with one modification. This

modification is necessary due to the fact that some jurisdictions allow the libel or slander complained of to be set out in substance and effect while others adhere to the view that it must be set out verbatim. 50 Am Jur 2d, Libel and Slander, § 408, p 928. Due to the fact that a slanderous statement cannot be retained verbatim in many instances since it is spoken, we hold that it is sufficient if the complaint sets out the substance of the alleged slander and it is not necessary to recite the exact words used.

A review of the complaint in the instant case shows that it does not set out the substance of the statements complained of but rather speaks in terms of conclusions. The law is well settled that the mere statement of the pleader's conclusions, unsupported by allegations of fact upon which they are based, will not suffice to state a cause of action. *Koebke v LaBuda,* 339 Mich 569 (1954). In this case, we find no error in the trial judge's granting of the motion for summary judgment.

Affirmed in part and reversed in part.

All concurred.