BUTCHER v SEM NEWSPAPERS, INC

Docket No. 117190. Submitted January 17, 1991, at Detroit. Decided
    April 19, 1991; approved for publication July 11, 1991, at 9:35
    A.M. Leave to appeal denied, 439 Mich —.

Robert Butcher brought an action in the Wayne Circuit Court
    against S.E.M. Newspapers, Inc., Heritage Media Corporation,
    and others, alleging libel based upon an article published in
    several newspapers owned by Heritage that contained an ap-
    parent direct quotation attributed to a police officer taken from
    his testimony at the preliminary examination of the plaintiff's
    son, David Butcher, on charges that the son had delivered
    cocaine. The court, Charles Kaufman, J., granted summary
    disposition for the defendants, finding the report to be a fair
    and true report of the officer's testimony. The plaintiff ap-
    pealed.

The Court of Appeals *held:*

The article was substantially accurate and a true and fair
    report of the officer's testimony at the preliminary examina-
    tion. The trial court properly granted summary disposition on
    the basis of MCL 600.2911(3); MSA 27A.2911(3).

Affirmed.

*Kelman, Loria, Downing, Schneider & Simpson*
(by *George L. Downing*), for the plaintiff.

*Honigman Miller Schwartz & Cohn* (by *Herschel
P. Fink*), for the defendants.

Before: MARILYN KELLY, P.J., and HOLBROOK,
JR., and MICHAEL J. KELLY, JJ.

PER CURIAM. Plaintiff appeals as of right from
an order of the Wayne Circuit Court granting
defendants' motion for summary disposition, pur-
suant to MCR 2.116(C)(10), in this action for libel.
We affirm.

Plaintiff's action is based upon an article published in several downriver Detroit newspapers owned by defendant Heritage Media Corporation. The article contained an apparent direct quote from a state police officer to the effect that plaintiff's son told the officer that he had prior drug-related legal problems but never had to appear in court because his father knew all the judges and took care of the son's legal problems. Defendants moved for summary disposition on the basis of MCL 600.2911; MSA 27A.2911, which protects the press from defamation actions for fair and true reports of public proceedings. The direct quote attributed to the state police officer was taken from the officer's testimony at the preliminary examination of plaintiff's son on charges that he had delivered cocaine.

Plaintiff's first issue, whether the article was a fair and true report of the testimony given by the officer, is dispositive of his appeal.

The article in question stated in part:

> When questioned by Assistant Wayne County Prosecutor James Collins as to whether David Butcher had ever discussed prior drug related problems, the trooper said "yes. He told me that he had had such problems, but that his father (defense attorney Robert Butcher) knew all the judges so he (David) never had to appear in court, that his dad took care of them."

The article also contained an insert in large bold type stating:

> He (David Butcher) said that his dad knew all of the judges so he never had to appear in court (on drug charges), that his dad took care of them. — DRANO [Downriver Area Narcotics Organization] undercover officer

The transcript of the preliminary examination on which the article was based states:

*Q.* And did you receive information from another police officer about David Butcher, prior to meeting him[?]

*A.* Yes, I did.

*Q.* And this information was what?

*A.* That he was trafficking in cocaine.

*Q.* Now, you testified whether this was the only contact with David in terms of any legal difficulty or criminal activity is the ones that you testified to here in terms of cocaine, is that correct?

*A.* I don't understand the question.

*Q.* Well, let me ask you this; did David ever discuss some other legal problems he had in the past with you[?]

*A.* Yes.

*Q.* And did he indicate what happened to those legal troubles[?]

*A.* Yah.

*Q.* And what did he indicate to you?

*A.* He said his dad knew all the judges and he never had to appear in court, it took care of stuff.

At the time this article was printed, MCL 600.2911(3); MSA 27A.2911(3) provided:

If the defendant in any action for slander or libel gives notice in his justification that the words spoken or published were true, this notice shall not be of itself proof of the malice charged in the complaint though not sustained by the evidence. In any action for slander or for publishing a libel even though the defendant has pleaded or attempted to prove a justification he may prove mitigating circumstances including the sources of his information and the ground for his belief. No damages shall be awarded in any libel action brought against a reporter, editor, publisher, or proprietor of a newspaper for the publication in it

of a fair and true report of any public and official proceeding, or for any heading of the report which is a fair and true headnote of the article published. This privilege shall not apply to a libel which is contained in any matter added by any person concerned in the publication or contained in the report of anything said or done at the time and place of the public and official proceeding which was not a part of the public and official proceeding.

If the gist of an article is substantially accurate, then the defendant cannot be liable. *Fisher v Detroit Free Press, Inc,* 158 Mich App 409, 414; 404 NW2d 765 (1987). A comparison of the newspaper quote and the transcript passage allows for only one conclusion, and that is that the article was substantially accurate and was a true and fair report of the officer's testimony at the preliminary examination. Therefore, the trial court properly granted defendants' motion for summary disposition.

With regard to plaintiff's two remaining issues, the trial court did not address either and, therefore, they have not been preserved for appellate review. MCR 7.203. *Providence Hosp v National Labor Union Health & Welfare Fund,* 162 Mich App 191, 194; 412 NW2d 690 (1987).

Affirmed.