*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MAHMOUD ISMAIL,

        Plaintiff-Appellant,

v

YOSHEE KOCH,

        Defendant-Appellee.

UNPUBLISHED
April 16, 2025
10:53 AM

No. 369587
Wayne Circuit Court
LC No. 22-008552-CZ

Before: BORRELLO, P.J., and RIORDAN and PATEL, JJ.

PER CURIAM.

In this defamation action, plaintiff Mahmoud Ismail appeals as of right the trial court's grant of summary disposition in favor of defendant Yoshee Koch pursuant to MCR 2.116(C)(8). We affirm in part, reverse in part, and remand to the trial court for further proceedings.[1]

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff initiated this defamation case against defendant in July 2022. In his complaint, plaintiff alleged that, in "early 2022," defendant defamed him by falsely claiming to their mutual employer, Rocket Mortgage, that he "assaulted her two years earlier." As a result, plaintiff alleged, he lost his employment. Specifically, plaintiff alleged:

    ¶ 21. On or around February 1, 2022, Defendant made false and defamatory statements to Rocket Mortgage about Plaintiff.

    ¶ 22. Defendant intentionally and falsely alleged that Plaintiff engaged in inappropriate conduct toward Defendant.

---

[1] We note that we have jurisdiction over this appeal under MCR 7.201(B)(3), as plaintiff paid his entry fee of $375 within 21 days after being notified of a defect with the earlier form of payment used for his appellate filing fee.

¶ 23. Defendant's accusatory statements were not only false but made with malice to deliberately and intentionally cause Plaintiff harm.

¶ 24. By making said accusatory statements, Defendant acted negligently to serve her own interests.

¶ 25. Defendant is not protected by any privilege that would allow her to make such false statements against Plaintiff.

In lieu of filing an answer, defendant moved for summary disposition pursuant to MCR 2.116(C)(8). In her accompanying brief, defendant argued that summary disposition was warranted because "Plaintiff's Complaint fails to identify precisely what statement(s) were made by Defendant," plaintiff failed to plead facts demonstrating falsity, and plaintiff failed to sufficiently plead actual malice.

Plaintiff, in his response, argued that his original complaint sufficiently set forth the elements of a defamation claim to satisfy an MCR 2.116(C)(8) motion. Alternatively, plaintiff argued, the trial court should allow him to file an amended complaint. That proposed amended complaint, which was attached to his response as an exhibit, alleged, in relevant part:

¶ 11. Plaintiff and Defendant had a brief, consensual sexual encounter in March 2020, while both were employed by Rocket Mortgage.

* * *

¶ 18. In early 2022, Defendant's performance at Rocket Mortgage was unsatisfactory, and she was in danger of being terminated from her employment as a result.

¶ 19. In order to deflect attention from her own job performance, Defendant fabricated a claim that Plaintiff, a high-level employee of Rocket Mortgage, had sexually assaulted her two years earlier.

* * *

¶ 27. On or around February 1, 2022, Defendant made false and defamatory statements to Rocket Mortgage about Plaintiff.

¶ 28. Defendant intentionally and falsely alleged that Plaintiff sexually assaulted Defendant in his home in March 2020.

¶ 29. Defendant's accusatory statements were not only false but made with actual malice to serve her own interests and to deliberately cause Plaintiff harm.

At the motion hearing, the trial court granted summary disposition in favor of defendant, reasoning as follows:

-2-

[T]here is nothing that expresses the timeframe, to whom. Just saying to Rocket Mortgage is insufficient and basic content of the statement. . . . The Court notes that [plaintiff] indicated that he wanted to file an amended complaint but even in the amended complaint, it doesn't get to that point, and we also have the fact that we have the qualified privilege, in the fact that this statement was made to, I guess, an employer and, in the scope of an employment situation, that's where the report was supposed to be made. So, in terms of the substantive basis, the Court doesn't find there is a sufficient enough basis to go forward, even with the amended complaint as has been presented, under a (C)(8) motion. . . .

The trial court concluded its opinion from the bench by informing plaintiff that "if there's a more specific complaint that you want to file, by all means."[2]

Plaintiff moved for reconsideration, asserting that the trial court committed "palpable error" by denying him an opportunity to amend his complaint. Plaintiff attached another proposed amended complaint to his motion, which included additional factual allegations.[3] The trial court denied the motion for reconsideration without explanation. This appeal followed.

## II. SUFFICIENCY OF PLAINTIFF'S COMPLAINT

Plaintiff first argues that the trial court erred by granting summary disposition in favor of defendant under MCR 2.116(C)(8) because his original complaint, as well as his proposed first amended complaint,[4] sufficiently pleaded the elements of his defamation claim. We disagree.

## A. STANDARD OF REVIEW

"A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the claim on the basis of the pleadings alone and the ruling is reviewed de novo." *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013). "The motion must be granted if no factual development could justify the plaintiff's claim for relief." *Id*. (quotation marks and citation omitted). "When deciding a motion under MCR 2.116(C)(8), the court must accept as true all factual allegations contained in the complaint." *Id*.

---

[2] There was some confusion between the trial court and plaintiff regarding the ramifications of its decision. The trial court indicated that its dismissal was "without prejudice" to allow plaintiff an opportunity to file an amended complaint. However, plaintiff apparently believed that because the trial court granted summary disposition in favor of defendant, no subsequent amended complaint was permissible and that he instead was required to file a motion for reconsideration.

[3] For example, one of the additional allegations of the second amended complaint states that defendant told Rocket Mortgage's Human Resources Department and a fellow employee that plaintiff assaulted her.

[4] For ease of discussion, we refer to the first proposed amended complaint simply as the "first amended complaint," and the second proposed amended complaint as the "second amended complaint."

B. ANALYSIS

In a claim for defamation, a plaintiff must demonstrate the following elements:

(1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication. [*Sarkar v Doe*, 318 Mich App 156, 178; 897 NW2d 207 (2016) (quotation marks and citation omitted).]

"A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Id*. at 179 (quotation marks and citation omitted). "To be considered defamatory, statements must assert facts that are provable as false." *Id.* (quotation marks and citation omitted).

MCR 2.116(C)(8) provides that summary disposition is appropriate when a movant shows that "[t]he opposing party has failed to state a claim on which relief can be granted." A complaint must include: "A statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend[.]" MCR 2.111(B)(1). "Michigan is a traditional notice-pleading jurisdiction with a relatively low bar for the sufficiency of initial allegations, particularly because parties generally will not yet have the benefit of discovery." *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020) (quotation marks and citation omitted). However, a plaintiff cannot state his or her legal conclusions without providing some factual allegations on which those conclusions are based. See *Royal Palace Homes, Inc v Channel 7 of Detroit, Inc*, 197 Mich App 48, 55; 495 NW2d 392 (1992).

Initially, we note that neither the original complaint nor the first amended complaint identified whether the defamation claim was based on slander or libel. A slanderous statement is "spoken" to a third person, *Pursell v Wolverine-Pentronix, Inc*, 44 Mich App 416, 422; 205 NW2d 504 (1973),[5] while a libelous statement "is communicated to a third person by written or printed words . . . ." *Fisher v Detroit Free Press, Inc*, 158 Mich App 409, 413; 404 NW2d 765 (1987). The two complaints submitted by plaintiff before the trial court's summary-disposition ruling did not indicate whether the statements at issue were spoken or written.

Regardless, we need not determine the exact basis of plaintiff's defamation claim. The original complaint was legally deficient because it merely alleged that defendant stated that plaintiff "assaulted her two years earlier" and that "Plaintiff engaged in inappropriate conduct toward Defendant." Neither the allegation of "assault" nor "inappropriate conduct" was sufficient

---

[5] Published decisions of this Court issued prior to November 1, 1990, are not strictly binding upon us, but all published decisions of this Court are precedential under the rule of stare decisis and generally should be followed. *Stoudemire v Thomas*, 344 Mich App 34, 41 n 2; 999 NW2d 43 (2022) (citation omitted).

to place defendant on notice of the allegedly defamatory statements at issue. See *Sarkar*, 318 Mich App at 178. In other words, a wide range of conduct may be characterized as assaultive or inappropriate, particularly in a workplace. For instance, a mere verbal barrage in an elevator may be characterized as assaultive or inappropriate, yet it is questionable at best whether a statement of such conduct would qualify as defamatory. Thus, the trial court correctly concluded that the original complaint was legally deficient.

The trial court also correctly concluded that the first amended complaint was legally deficient. Although the first amended complaint included a more specific allegation that defendant stated that plaintiff "sexually assaulted her," it continued to reflect another deficiency that was present in the original complaint—namely, the first amended complaint did not precisely indicate to whom the allegedly defamatory statement was made. See *id*. Rather, the first amended complaint simply alleged that the statement was made "to Rocket Mortgage." Under these circumstances, where Rocket Mortgage is a large legal entity, not a natural person, the allegation was insufficient to show who, if anyone, actually received the allegedly defamatory statement. That is, the allegedly defamatory statement by defendant could have been provided to a co-worker, human resources, anonymously submitted to an unmonitored server, or to countless others. Thus, without an allegation indicating who specifically received the allegedly defamatory statement, the first amended complaint was legally deficient as well.

Accordingly, the trial court correctly granted summary disposition in favor of defendant under MCR 2.116(C)(8), as both the original complaint and the first amended complaint were legally deficient.

### III. AMENDMENT OF PLAINTIFF'S COMPLAINT

Plaintiff alternatively argues that even if the trial court properly granted summary disposition in favor of defendant under MCR 2.116(C)(8), it erred by denying him an opportunity to amend his complaint. We agree that the trial court erred to the extent that it failed to consider plaintiff's second amended complaint that was attached to his motion for reconsideration.

### A. STANDARD OF REVIEW

This Court reviews a trial court's denial of a motion for reconsideration for an abuse of discretion. *K & W Wholesale, LLC v Dep't of Treasury*, 318 Mich App 605, 611; 899 NW2d 432 (2017). "An abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes." *Kostadinovski v Harrington*, 511 Mich 141, 149; 999 NW2d 318 (2023) (quotation marks and citation omitted). "The interpretation of court rules involves questions of law that appellate courts review de novo." *People v Scott*, 513 Mich 180, 196; 15 NW3d 159 (2024).

### B. ANALYSIS

MCR 2.119(F)(3) provides as follows:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The

moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

When a trial court grants a party summary disposition under MCR 2.116(C)(8) for failure to state a claim, MCR 2.116(I)(5) requires that the trial court give the adverse party "an opportunity to amend their pleading[] as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." In this regard, "MCR 2.118(A)(2) provides that leave to amend a pleading 'shall be freely given when justice so requires.' " *Weymers v Khera*, 454 Mich 639, 658; 563 NW2d 647 (1997). "If a trial court denies a motion to amend, it should specifically state on the record the reasons for its decision." *Id*. at 659.

Ordinarily, a motion to amend a complaint should be granted, and should be denied only for the following particularized reasons: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of the amendment. [*Lane v KinderCare Learning Ctrs, Inc*, 231 Mich App 689, 697; 588 NW2 715 (1998).]

In this case, at the January 17, 2023 motion hearing, plaintiff requested that the trial court permit him to file an amended complaint, and the trial court, somewhat ambiguously, indicated that it would allow him to do so. However, as explained in footnote two, *supra*, there was some confusion between the trial court and plaintiff regarding the ramifications of its decision to grant summary disposition in favor of defendant under MCR 2.116(C)(8). Technically, plaintiff should have filed a motion to amend, not a motion for reconsideration, after the trial court granted summary disposition in favor of defendant under MCR 2.116(C)(8). See *Weymers*, 454 Mich at 658. See also *ABB Paint Finishing, Inc v Nat'l Union Fire Ins Co of Pittsburgh, PA*, 223 Mich App 559, 564; 567 NW2d 456 (1997) ("MCR 2.116(I)(5), relating to the opportunity to amend pleadings in response to summary disposition motions, is an exception to the general rule concerning rehearings. MCR 2.119(F)(3)."). Apparently, the plaintiff did not file the proper motion because he incorrectly believed that such a motion was precluded by the trial court's summary-disposition ruling itself. Indeed, the trial court also may have been confused by the procedural posture of the case, as it denied the motion for reconsideration without explanation. In other words, the trial court denied the motion for reconsideration without addressing whether the second amended complaint attached thereto was sufficient, notwithstanding its earlier indication that it would consider such an amended pleading. Under these circumstances, we conclude that the proper course of action is to reverse the trial court's denial of plaintiff's motion for reconsideration, and remand to that court to allow it to address in the first instance whether it should accept that second amended complaint for filing. See MCR 2.116(I)(5); *Lane*, 231 Mich App at 697.[6]

---

[6] Defendant argues that the second amended complaint was legally deficient because it did not recite the exact words of the allegedly defamatory statement, and it did not allege sufficient facts to show either that qualified privilege was inapplicable or that actual malice existed.

IV. CONCLUSION

We affirm the trial court's grant of summary disposition in favor of defendant pursuant to MCR 2.116(C)(8), as both the original complaint and the first amended complaint were legally deficient. However, we reverse the trial court's denial of plaintiff's motion for reconsideration, as the court did not consider the merits of the second amended complaint attached thereto or otherwise address whether plaintiff should be granted leave to amend. Thus, on remand, the trial court should consider whether to accept plaintiff's second amended complaint under MCR 2.116(I)(5) and the factors outlined in *Lane*.

Affirmed in part, reversed in part, and remanded to the trial court for further proceedings. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Michael J. Riordan
/s/ Sima G. Patel

---

Whether the complaint was required to recite the exact words of the allegedly defamatory statement may be addressed by the trial court on remand. See *Royal Palace Homes*, 197 Mich App at 55 (explaining that a claim of slander, but not libel, need not "recite the exact words used"). With regard to the issue of qualified privilege and actual malice, the law concerning defamation provides that "[w]here a qualified privilege exists, plaintiff, in order to recover, must affirmatively prove actual malice on the part of the defendant." *Peisner v Detroit Free Press, Inc*, 82 Mich App 153, 163-164; 266 NW2d 693 (1978). Thus, even if qualified privilege exists in this case, plaintiff may overcome that privilege by allegations indicating that defendant had "knowledge that the published statement was false or as reckless disregard as to whether the statement was false or not." *Reighard v ESPN, Inc*, 341 Mich App 526, 549; 991 NW2d 803 (2022) (quotation marks and citations omitted). Again, as with the issue of language specificity, the issue of qualified privilege and actual malice may be addressed by the trial court on remand as well.